1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA PATRICIA AVALOS,<br><br>    Petitioner,<br><br>    v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>    Respondent. | Case No.: 1:13-cv-00030-JLT<br><br>ORDER REQUIRING PETITIONER TO SUBMIT AN AMENDED PETITION<br><br>THIRTY DAY DEADLINE<br><br>ORDER DIRECTING CLERK OF THE COURT TO SEND PETITIONER A FORM FOR FILING HABEAS CORPUS PETITION PURSUANT TO 28 U.S.C. § 2254 |

    Petitioner is a state prisoner proceeding through retained counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed the instant petition on December 20, 2012, in the Sacramento Division of this Court. (Doc. 1). On January 8, 2013, the case was transferred to the Fresno Division. (Doc. 4). Petitioner challenges her 2010 conviction in the Stanislaus County Superior Court of home invasion with a weapon, resulting in a sentence of 20 years, 8 months. (Doc. 1, p. 2). For the reasons set forth below, the Court will require that Petitioner file an amended petition that eliminates the defects described in this Order.

    A. <u>Insufficient Information And Failure To State A Cognizable Habeas Claim</u>.

    A preliminary review of the petition indicates that Petitioner has not provided sufficient information regarding her claims for this case to proceed.

    Rule 2 of the Rules Governing Section 2254 Cases provides that the petition:

1

> "…shall specify all the grounds for relief which are available to the petitioner and of which he has or by the exercise of reasonable diligence should have knowledge and shall set forth in summary form the facts supporting each of the grounds thus specified."

Rule 2(c), Rules Governing Section 2254 Cases. Petitioner must also clearly state the relief sought in the petition. Id. Additionally, the Advisory Committee Notes to Rule 4 explains that "…'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Notes to Rule 4; see Blackledge v. Allison, 431 U.S. 63, 75, n. 7, 97 S.Ct. 1621 (1977).

Here, Petitioner alleges two claims: (1) the trial court "did not handle the video evidence correctly"; and (2) ineffective assistance of trial counsel. (Doc. 1, pp. 3-4). The basis for Ground One is unclear from the instant petition and its allegations. It is unclear whether Petitioner is contending that the prosecutor presented evidence that was ambiguous (i.e., a blurry videotape), whether the trial court erred, sua sponte, in failing to require the videotape to be enhanced, or some other basis entirely. Also, it is unclear what federal constitutional right Petitioner is contending has been violated. If Petitioner is contending that a due process violation has occurred, Petitioner must specify precisely in what way the court's failure to require the videotape enhanced violated her federal due process rights. If Petitioner is contending that the trial court violated some state evidence rules or other state statutes, Petitioner is cautioned that this Court will not review claims that only raise state procedural or substantive law. Indeed, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). Further, "the availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution." Sawyer v. Smith, 497 U.S. 227, 239 (1990), *quoting,* Dugger v. Adams, 489 U.S. 401, 409 (1989). Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990), *cert. denied*, 498 U.S. 1091 (1991) ("incorrect" evidentiary rulings are not the basis for federal habeas relief).

The Court will **only** review claims that allege a violation of Petitioner's federal constitutional rights. Moreover, where a petitioner has failed to properly allege the constitutional basis for her claim, this Court will not explore all possible legal bases in order to assist Petitioner. Rather, it is Petitioner's

responsibility to specify all grounds for relief and to provide sufficient factual allegations for the Court to determine what claims Petitioner is seeking to raise and whether those claims state the kind of federal constitutional violations upon which this Court's habeas jurisdiction is predicated.

Regarding Petitioner's claim of "incompetence" of counsel, the Court will presume that Petitioner is contending that her Sixth Amendment right to the effective assistance of counsel was violated by trial counsel's conduct.  However, in her amended petition, Petitioner should make those allegations along with factual support, in order to properly plead her claim.

In sum, Petitioner has failed to meet the minimal pleading requirements imposed by Rule 2(c). Accordingly, Petitioner will be required to submit a First Amended Petition in which she clearly and succinctly sets forth all of her claims, together with the legal bases for those claims and all supporting factual allegations, in order for this case to proceed.

B.  Failure to Name A Proper Respondent.

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.

Here, Petitioner has named as Respondent the "People of the State of California."  However, the "People of the State of California" is not the warden or chief officer of the institution where Petitioner is presently confined and, thus, does not have day-to-day control over Petitioner.  Petitioner is presently confined at the Central California Women's Facility, Chowchilla, California.  The current director or warden of that facility is Deborah K. Johnson, who is the person Petitioner should name as Respondent.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for

lack of jurisdiction. Stanley, 21 F.3d at 360; Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of her facility. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same). In her amended petition, Petitioner must name the proper respondent.

For the foregoing reasons, the instant petition is deficient. Petitioner will be required to file an amended petition containing sufficient information for the Court to proceed with the case.

**ORDER**

Accordingly, it is **HEREBY ORDERED** that:

1. The instant petition for writ of habeas corpus is hereby **DISMISSED**. Petitioner is GRANTED thirty (30) days from the date of service of this Order to SUBMIT a FIRST AMENDED PETITION that is in compliance with this Order. The Clerk of the Court is DIRECTED to send Petitioner a blank form petition for petitioners filing pursuant to 28 U.S.C. § 2254.

Petitioner is forewarned that her failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.

IT IS SO ORDERED.

Dated:   **January 9, 2013**                         **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE