# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLANCA PATRICIA AVALOS,<br><br>  Petitioner,<br><br>  v.<br><br>DEBORAH K. JOHNSON, et al.,<br><br>  Respondents. | Case No.: 1:13-cv-00030-JLT<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS THE FIRST AMENDED PETITION FOR LACK OF EXHAUSTION (Doc. 14)<br><br>ORDER DISMISSING FIRST AMENDED PETITION (Doc. 10)<br><br>ORDER DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT AND CLOSE THE FILE<br><br>ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY<br><br>ORDER DENYING MOTIONS FOR EXTENSIONS OF TIME AS MOOT (Docs. 9 & 17) |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 18, 2013, Petitioner filed her written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 8). On June 4, 2013, Respondent filed a written consent to the jurisdiction of the United States Magistrate Judge for all purposes. (Doc. 16).

## **PROCEDURAL HISTORY**

The instant petition was filed on December 20, 2012. Petitioner then filed a first amended

petition on February 8, 2013, challenging her January 7, 2011 conviction in the Stanislaus County Superior Court for home invasion with a weapon and the resulting sentence of 20 years, 8 months. (Doc. 10).  The first amended petition raises three issues: (1) prosecutorial misconduct in presenting "ambiguous" evidence, i.e., a blurry videotape; (2) trial court error in not requiring the videotape to be enhanced; and (3) ineffective assistance of trial counsel in failing to investigate avenues that might lead to exculpatory evidence.  (Doc. 10, pp. 4-5).

On May 1, 2013, the Court ordered Respondent to file a response to the first amended petition.  (Doc. 11).  On June 4, 2013, Respondent filed the instant motion to dismiss, arguing that none of the claims in the first amended petition had been exhausted.  (Doc. 14).  On June 24, 2013, Petitioner filed her opposition to the motion to dismiss in which she appears to concede her claims are not exhausted but requesting that the Court stay proceedings to allow her to exhaust her state court remedies.  (Doc. 18).  On June 26, 2013, Respondent filed a reply to Petitioner's opposition, arguing that, regardless of Petitioner's reasons for having failed to exhaust her claims, the petition is entirely unexhausted and, therefore, no stay may be granted. (Doc. 19).   For the reasons discussed below, the Court cannot stay a completely unexhausted petition; therefore, the motion to dismiss must be granted.

## **DISCUSSION**

### A. Procedural Grounds for Motion to Dismiss

As mentioned, Respondent has filed a Motion to Dismiss the petition because it contains only unexhausted claims.  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed Respondent's to file a Motion to Dismiss in lieu of an Answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same).  Thus,

a Respondent can file a Motion to Dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's Motion to Dismiss is based on Respondent's contention that Petitioner has never presented her claims to the California Supreme Court.  Accordingly, the Court will review Respondent's Motion to Dismiss pursuant to its authority under Rule 4.  O'Bremski, 915 F.2d at 420.

B. Exhaustion.

Here, Respondent has lodged documents with the Court establishing that Petitioner has not exhausted any of her three claims in the first amended petition by presenting them to the California Supreme Court.  Petitioner has presented no evidence that would controvert Respondent's lodged documents, and, indeed, Petitioner appears to concede that the claims are unexhausted.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999);

Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), as amended by Lyons v. Crawford, 247 F.3d 904, 904-5 (9th Cir. 2001).

Where, as here, none of a petitioner's claims has been presented to the highest state court as required by the exhaustion doctrine, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001). The authority of a court to hold a mixed petition in abeyance pending exhaustion of the unexhausted claims has not been extended to petitions, such as the instant one, that contain no exhausted claims. Raspberry, 448 F.3d at 1154.

Traditionally, a district court has had the discretion to stay a petition which it may validly consider on the merits.  Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 987-988 (9th Cir. 1998); Greenawalt v. Stewar7, 105 F.3d 1268, 1274 (9th Cir.), *cert. denied*, 519 U.S. 1002 (1997). However, the Ninth Circuit has held that Taylor in no way granted "district courts carte blanche to stay

4

even fully exhausted habeas petitions." Taylor, 134 F.3d at 988 n. 11.

Here, all of the claims in the petition are unexhausted. Hence, the Court lacks the authority to stay the action and must dismiss the petition. See Calderon v. United States Dist. Court, 107 F.3d 756, 760 (9th Cir. 1997) (en banc); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). Therefore, Respondent's motion to dismiss should be granted and the petition should be dismissed for lack of exhaustion. Additionally, because the Court concludes that the petition must be dismissed, the two pending motions for extensions of time will be **DENIED** as moot. (Docs. 9 & 17).

Moreover, the Court declines to issue a certificate of appealability. A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;  or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denied a petitioner's petition, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further'." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (*quoting* Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court DECLINES to issue a certificate of appealability.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS:

1. Respondent's motion to dismiss (Doc. 14), is **GRANTED**;
2. The first amended petition for writ of habeas corpus (Doc. 10), is **DISMISSED** for lack of exhaustion;
3. The Clerk of the Court is DIRECTED to enter judgment and close the file;
4. Petitioner's motions for extension of time (Docs. 9 & 17), are **DENIED** as **MOOT**; and,
5. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **June 27, 2013**              /s/ **Jennifer L. Thurston**
                                              UNITED STATES MAGISTRATE JUDGE